UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| JORDAN CARTER | * | CIVIL ACTION NO: 6:16-CV-370 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| SWIFTSHIPS, L.L.C. | * | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## DECLARATION OF JEFF LELEUX
## UNDER 28 USC § 1746

Pursuant to 28 USC § 1746, I hereby declare as follows:

1.     I am a person of the full age of majority, whose statements in this declaration are based upon personal knowledge and information.

2.     I am the President of Swiftships, L.L.C.

3.     Swiftships is a shipbuilder which designs and constructs vessels for government and commercial entities.  The company is headquartered in Fairfax, Virgina and maintains offices and/or facilities in Fairfax, Morgan City, Louisiana, Jeanerette, Louisiana, Egypt, and Iraq.

4.     Jordan Carter was hired on or about April 22, 2013 as a Contracts Administrator at an annual salary of $50,000.00 per year in Morgan City.  She initially reported to Raymond Thompson, Director of Contracts.  Thompson was transferred from this position, and Carter then reported to Faisal Gill, General Counsel.  She worked directly under Gill until approximately November 23, 2014, when Danny Knope, Purchasing Manager, assumed oversight of contracts in addition to his purchasing responsibilities.

5.     Any position changes, promotions, demotions, or pay increases must be authorized by me.  At no point in time did I promote or demote Carter.  At no point in time did I approve a position change from Contracts Administrator to Contracts Manager.  At no point in time did I authorize a pay



increase.  At no point in time did anyone in the company request a promotion, demotion, position change, or pay increase for Carter.

6.      In 2014, there were economic developments that negatively impacted the company. Swiftships spent approximately one year and substantial resources preparing a bid for vessel construction work for the Kingdom of Saudi Arabia's Border Guards Fleet, which would have been worth in excess of $1 billion dollars in gross revenue.  I and other executives traveled to London, England in March 2014 to present the proposal to the oversight committee for the project.  In November 2014, we received notice that Swiftships was not selected for the project.  Additionally, oil prices fell drastically in 2014.  In June 2014, oil prices were in excess of $110.00 per barrel, and they began a steady decline.  In November 2014, OPEC refused to curb production, and oil prices fell further. There was a more than a 40% drop in prices from June 2014 to December 2014.  This had a substantial impact on our prospects for additional business.

7.      Shehraze Shah, Chief Executive Officer, and I made a joint determination to effect a reduction in force in the areas of general administration and production.  Our goal was to reduce overhead and expenses.

8.      The following people were separated as part of the reduction in force:

| | NAME | SEX | POSITION | HIRE DATE | LAYOFF DATE |
|---|---|---|---|---|---|
| 1. | Juan Cantu | M | Fitter | 07/09/2014 | 07/29/2014 |
| 2. | Christian Guidry | M | Fitter | 05/22/2014 | 07/29/2014 |
| 3. | Jorge Mendoza | M | Fitter | 05/21/2014 | 07/29/2014 |
| 4. | McClellan Molo | M | Fitter | 06/26/2014 | 07/29/2014 |
| 5. | Hai Nguyen | M | Fitter | 10/25/2004 | 07/29/2014 |
| 6. | Earnesto Perez | M | Fitter | 06/13/2014 | 07/29/2014 |
| 7. | Rodney Sonnier | M | Fitter | 05/28/2014 | 07/29/2014 |
| 8. | William Stokes | M | Grinder/Helper | 05/20/2014 | 07/29/2014 |
| 9. | Gilbert Wilson | M | Fitter | 05/20/2014 | 07/29/2014 |
| 10. | Darrell Wilson | M | Helper | 06/30/2014 | 07/29/2014 |
| 11. | Katherine Adams | F | Administrative Assistant | 10/14/2013 | 01/09/2015 |
| 12. | Berney Adams | M | Comptroller | 08/26/1970 | 01/09/2015 |
| 13. | Gus Ackman | M | Superintendent | 09/04/1987 | 01/09/2015 |

| | | | | |
|---|---|---|---|---|
| 14. Louise Davis | F | Human Resources Assistant | 04/10/1978 | 01/09/2015 |
| 15. Brandon Doiron | M | Program Manager | 10/14/2009 | 01/09/2015 |
| 16. Marie Fryou | F | Administrative Asst. | 07/20/2009 | 01/09/2015 |
| 17. Ali Kazilbash | M | Safety Coordinator | 03/18/2003 | 01/09/2015 |
| 18. Raymond Thompson | M | Director of Programs | 09/22/2009 | 01/09/2015 |
| 19. Jordan Carter | F | Contracts Administrator | 04/22/2013 | 01/09/2015 |
| 20. Damian Mahoney | M | Program Manager | 08/25/2008 | 02/07/2015 |

9.      Neither sex, race, national origin, pregnancy, age, nor any other protected class played any role whatsoever in the decision to lay off any of these individuals. As far as I know, none of these individuals were pregnant. I have no recollection that Carter was pregnant during her employment or at the time of her layoff.

10.      With respect to Carter's position, we determined that there was no need for her position given the existing and anticipated lack of work. The contracts duties being performed by Carter were reassigned to Knope, who continued to handle his purchasing/procurement duties as well. Pregnancy did not factor into the decision, and I never told anyone that pregnancy was the reason for Carter's layoff.

11.      Knope was not a decisionmaker in the reduction in force process with regard to Carter or any other employee. I did not request any input from him about Carter or her position.

12.      Carter was not replaced. There is no Contracts Administrator position at Swiftships.

13.      At no point in time did Carter ever request a raise, position change, or increase in pay from me.

14.      Swiftships has had employees who were pregnant and returned to work. Kelly Burnett took maternity leave in 2010, and Aimee Hebert took maternity leave in 2012. Each were paid their full salary for the entirety of their maternity leaves.

I certify under the penalty of perjury that the above and foregoing is true and correct based on personal knowledge.

Executed on this _20th_ day of October, 2017.

JEFF LELEUX

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JORDAN CARTER | * | CIVIL ACTION NO: 6:16-CV-370 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| SWIFTSHIPS, L.L.C. | * | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## DECLARATION OF DANNY KNOPE
## UNDER 28 USC § 1746

Pursuant to 28 USC § 1746, I hereby declare as follows:

1.      My name is Danny Knope.   I am employed as the Purchasing Manager at Swiftships, L.L.C.

2.      In November 2014, Shehraze Shah, Chief Executive Officer, asked me to assume oversight of the contracts function at the company.  I was told that I was being asked to do so because I had existing relationships with many government employees who are also involved in the contracting process. No other reason was given.  I agreed to do so, and I was told that Jordan Carter would be reporting to me.

3.      When I assumed oversight of the contracting process, I did not change any of Carter's duties, work schedule, benefits, or pay.  I did not remove any responsibilities from Carter.  I did not assign any purchasing duties to Carter.

4.      I collaborated on contracting issues with Carter from time to time, but very infrequently.  Throughout the time she and I worked together, my purchasing responsibilities occupied approximately 90% of my time.  There was not much in the way of contract work for the company during this time period.

EXHIBIT
2

5.      I was not involved in the decision to include Carter or anyone else in the reductions in force which occurred in 2014 and early 2015.  I was not consulted about Carter's employment.  I provided no input into the decision to separate her.  I have no knowledge as to why Carter was selected for the reduction in force.

6.      Carter was not replaced by another employee.  After she was separated, I assumed all of the contracting duties.  I continued to handle both contracting and purchasing responsibilities until July 2017.  Throughout this time, my purchasing duties continued to occupy the vast majority of my work time.

7.      At no point in time did I ever represent to anyone that Carter was terminated because she was pregnant.

I certify under the penalty of perjury that the above and foregoing is true and correct based on personal knowledge.

Executed on this _25_ day of October, 2017.

DANNY KNOPE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JORDAN CARTER | * | CIVIL ACTION NO: 6:16-CV-370 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| SWIFTSHIPS, L.L.C. | * | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## DECLARATION OF SHEHRAZE SHAH
### UNDER 28 USC § 1746

Pursuant to 28 USC § 1746, I hereby declare as follows:

1.      My name is Shehraze Shah.  I am employed as the Chief Executive Officer of Swiftships, L.L.C.

2.      In 2014, there were economic developments that negatively impacted the company.  Swiftships had spent approximately one year and substantial resources preparing a bid for vessel construction work for the Kingdom of Saudi Arabia's Border Guards Fleet, which would have been worth in excess of $1 billion dollars in gross revenue for the company.  I and other executives traveled to London, England in March 2014 to present the proposal to the oversight committee for the project.  In November 2014, we received notice that Swiftships was not selected for the work.  Additionally, oil prices fell drastically in 2014.  In June 2014, oil prices were north of $110.00 per barrel, and they began a steady, steep decline.  In November 2014, OPEC refused to agree in curbs in production, and the price fell further. There was a more than a 40% drop in prices from June to December 2014.  This had a substantial impact on our prospects for additional business.

3.      In November 2014, I asked Danny Knope, Purchasing Manager, to assume oversight of the contracting functions as the Contracts Manager.  The reason I asked Knope to do



so was because Faisal Gill, General Counsel, was no longer going to act in the same direct role for the company. I needed someone to oversee the day to day work performed in that department. I instructed Knope to retain his purchasing and procurement responsibilities and to work with Carter on the existing contracting issues.

4.      At no point in time did I request or approve any promotion of Carter to the Contracts Manager position, nor did I ever promise her any increase in pay during her employment. Any and all promotions, job transfers, and pay increases must be authorized by Jeff Leleux, President. At no point in time did I ask Leleux for any promotion, job title change, or pay change for Carter.

5.      I collaborated with Leleux on the individuals to be selected for the reduction in force due to the negative economic circumstances which took place in 2014, which included the steep drop in oil prices and the loss of work and the loss of the Saudi Arabia contract. Carter was one of the individuals selected. While I was aware of her pregnancy, her pregnancy had no bearing whatsoever on our decision. We determined that the position could be eliminated because of the lack of work and foreseeable lack of work and the ability of Knope to assume all contracting duties. I did not seek Knope's input on Carter's position. I never told Danny Knope or anyone else that Carter was separated because she was pregnant.

6.      Carter was not replaced after the reduction in force. Knope assumed all contracting responsibilities while he retained his purchasing and procurement responsibilities.

7.      At no point in time during her employment did Carter ever request a raise, title change, or a promotion from me.

8.      At no point in time did Carter's pay or benefits change during her employment.

I certify under the penalty of perjury that the above and foregoing is true and correct based on personal knowledge.

Executed on this _25th_ day of October, 2017.

SHEHRAZE SHAH

**Rickie Bertrand**

| | |
|---|---|
| **From:** | Jordan Washburn |
| **Sent:** | Tuesday, June 24, 2014 7:54 AM |
| **To:** | Rickie Bertrand |
| **Subject:** | Absence today |

Rickie,

I won't be at work today due to being sick. Please see the below emails for my approval to use a vacation day for my absence today. Sorry for the late notice.

Thanks.

**Ms. Jordan Washburn**
Contracts Administrator |Swiftships.com
O: 985-380-8271 |C: 985-255-2509 | F:985-329-2274



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email and any attachments are confidential to the intended recipient and may also be privileged.
If you are not the intended recipient please delete it from your system and notify the sender.
You should not copy it or use it for any purpose nor disclose or distribute its contents to any other person.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Begin forwarded message:

> **From:** Faisal Gill <fgill@swiftships.com>
> **Date:** June 24, 2014 at 7:50:26 AM CDT
> **To:** Jordan Washburn <jwashburn@swiftships.com>
> **Subject: Re:**
>
> Sure no problem. I hope you feel better.
>
> Sent from my iPhone
>
> On Jun 24, 2014, at 8:48 AM, Jordan Washburn <jwashburn@swiftships.com> wrote:
>
>> Faisal,
>>
>> I will be out of the office today. I am not feeling well. I apologize for the last minute notice. I have my laptop in case you need me to handle anything. Can I use a vacation day for my absence today?

1

**EXHIBIT**

4

**Ms. Jordan Washburn**
Contracts Administrator  |Swiftships.com
O: 985-380-8271 |C: 985-255-2509 | F:985-329-2274



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
This email and any attachments are confidential to the intended recipient and may
also be privileged.
If you are not the intended recipient please delete it from your system and notify
the sender.
You should not copy it or use it for any purpose nor disclose or distribute its
contents to any other person.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE J | PAGE OF PAGES 1 / 2 |
|---|---|---|---|

| 2. AMENDMENT/MODIFICATION NO. A00072 | 3. EFFECTIVE DATE 19-Dec-2014 | 4. REQUISITION/PURCHASE REQ. NO. SEE SCHEDULE | | 5. PROJECT NO.(If applicable) |
|---|---|---|---|---|

| 6. ISSUED BY | CODE | N69316 | 7. ADMINISTERED BY (If other than item 6) | CODE | N69316 |
|---|---|---|---|---|---|

6. ISSUED BY
SUPSHIP GULF COAST
ATTN: CODE 410
PO BOX 7003
PASCAGOULA MS 39568-7003

7. ADMINISTERED BY (If other than item 6)
SUPSHIP GULF COAST
PO BOX 7003
ATTN: CODE 410
PASCAGOULA MS 39568-7003

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MOD. OF CONTRACT/ORDER NO. N00024-09-C-2266 |
| CODE          FACILITY CODE   1VP86 | X | 10B. DATED (SEE ITEM 13) 25-Sep-2009 |

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See Schedule

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|
| X | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT:  Contractor ☐ is not, ☒ is required to sign this document and return   1   copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Modification Control Number:   aw.elshcm152846
CHANGE OF COMPANY NAME (NOVATION)

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) Jordan Washburn - Contracts Manager | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) Curtis M. Welsh, Contracting Officer TEL:                      EMAIL: |
|---|---|
| 15B. CONTRACTOR/OFFEROR (Signature of person authorized to sign) | 15C. DATE SIGNED 12/18/14 | 16B. UNITED STATES OF AMERICA BY CURTIS M. WELSH (Signature of Contracting Officer) | 16C. DATE SIGNED Dec. 19, 2014 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

EXHIBIT
tabbies
5

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**The following items are applicable to this modification:**

**Subject:**  NOVATION CHANGE AGREEMENT
**Ref:**  (a) Agreement pursuant to FAR 42
See Exhibit A for applicable Contract Numbers and Modification Numbers

1.  **WHEREAS,** Swiftships, L.L.C. (Contractor), a company duly organized and existing under the laws of the state of Virginia, with its principle office in Vienna, Virginia; and the UNITED STATES OF AMERICA (hereinafter "the Government") enter into this agreement as of January 1, 2014 (reference (a); and

2.  **WHEREAS,** on January 1, 2014, Swiftships Shipbuilders, L.L.C. and the Government signed a letter reflecting the parties' agreement regarding certain issues pertaining to the Novation Agreement, which transaction has resulted in the establishment of Swiftships, L.L.C. as a new, independent, publicly owned company; and

3.  **WHEREAS,** this letter stipulated, among other things, that the Navy would "approve any necessary assignment of existing U.S. Navy shipbuilding contracts"; and

4.  **WHEREAS,** in accordance with Reference (a), this modification accomplishes establishment of Swiftships, L.L.C. as a new, independent, publicly-owned company and all rights and obligations of the Government and of the contractor under the contracts are unaffected by this change and documentary evidence of this transaction has been filed with the Government; and

5.  **NOW THEREFORE,** in consideration of these facts, the parties mutually agree that the contracts covered by the Agreement (reference (a)) are amended by substituting the name "SWIFTSHIPS, L.L.C." for the name "SWIFTSHIPS SHIPBUILDERS, L.L.C." wherever it appears in the respective contracts, delivery orders or job orders as cited on Exhibit A (see Page 3 of 3) to this modification.  This instant modification displays the modification number as assigned to individual contracts and basic agreements as cited on Exhibit A.

6.  Except as provided herein, all terms and conditions of the documents identified in EXHIBIT A remain unchanged and in full force and effect.

EXHIBIT A

| Contract Number | Program/Description | Type | Issuing Agency | PCO | DFAS Paying Office | Pay DODAAC | Contract Mod |
|---|---|---|---|---|---|---|---|
| N00024-09-C-2212 | Egyptian 28m Coastal Patrol Craft | FFP | NAVSEA | John Kimener | Cleveland | N68732 | A00018 |
| N00024-09-C-2256 | Iraqi 35m Patrol Boats | FFP | NAVSEA | John Kimener | Cleveland | N68732 | A00071 |
| N00024-14-C-4217 | Iraqi Continuous Lifecycle Support | FFP | NAVSEA | Tim Starker | Cleveland | N68732 | P00005 |

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | 1. CONTRACT ID CODE | PAGE OF PAGES | |
|---|---|---|---|
| | J | 1 | 2 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| A00019 | 19-Dec-2014 | N0002408NR53083 | |

| 6. ISSUED BY | CODE | N69316 | 7. ADMINISTERED BY (If other than item 6) | CODE | N69316 |
|---|---|---|---|---|---|
| SUPSHIP GULF COAST<br>ATTN: CODE 410<br>PO BOX 7003<br>PASCAGOULA MS 39568-7003 | | | SUPSHIP GULF COAST<br>PO BOX 7003<br>ATTN: CODE 410<br>PASCAGOULA MS 39568-7003 | | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | |
|---|---|---|
| SWIFTSHIPS SHIPBUILDERS, L.L.C.<br>1105 LEVEE RD<br>MORGAN CITY LA 70380-1001 | | |

| | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|
| | 9B. DATED (SEE ITEM 11) |
| X | 10A. MOD. OF CONTRACT/ORDER NO.<br>N00024-09-C-2210 |
| X | 10B. DATED (SEE ITEM 13)<br>06-Nov-2008 |

| CODE   1VP86 | FACILITY CODE |
|---|---|

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer [ ] is extended, [ ] is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (If required) |
|---|
| |

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|
| X | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT:   Contractor [ ] is not, [X] is required to sign this document and return   1   copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Modification Control Number:   aw.elshcm151879
CHANGE OF COMPANY NAME (NOVATION)

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| Jordan Washburn - Contracts Manager | Curtis M. Welsh, Contracting Officer |
| | TEL:                                    EMAIL: |
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
| _(Signature of person authorized to sign)_ | 12/18/14 | BY _(Signature of Contracting Officer)_ | Dec. 19, 2014 |

| EXCEPTION TO SF 30<br>APPROVED BY OIRM 11-84 | 30-105-04 | STANDARD FORM 30 (Rev. 10-83)<br>Prescribed by GSA<br>FAR (48 CFR) 53.243 |
|---|---|---|

EXHIBIT

tabbies

6

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**The following items are applicable to this modification:**

**Subject:**  NOVATION CHANGE AGREEMENT
**Ref:**  (a) Agreement pursuant to FAR 42
See Exhibit A for applicable Contract Numbers and Modification Numbers

1. **WHEREAS,** Swiftships, L.L.C. (Contractor), a company duly organized and existing under the laws of the state of Virginia, with its principle office in Vienna, Virginia; and the UNITED STATES OF AMERICA (hereinafter "the Government") enter into this agreement as of January 1, 2014 (reference (a)); and

2. **WHEREAS,** on January 1, 2014, Swiftships Shipbuilders, L.L.C. and the Government signed a letter reflecting the parties' agreement regarding certain issues pertaining to the Novation Agreement, which transaction has resulted in the establishment of Swiftships, L.L.C. as a new, independent, publicly owned company; and

3. **WHEREAS,** this letter stipulated, among other things, that the Navy would "approve any necessary assignment of existing U.S. Navy shipbuilding contracts"; and

4. **WHEREAS,** in accordance with Reference (a), this modification accomplishes establishment of Swiftships, L.L.C. as a new, independent, publicly-owned company and all rights and obligations of the Government and of the contractor under the contracts are unaffected by this change and documentary evidence of this transaction has been filed with the Government; and

5. **NOW THEREFORE,** in consideration of these facts, the parties mutually agree that the contracts covered by the Agreement (reference (a)) are amended by substituting the name "SWIFTSHIPS, L.L.C." for the name "SWIFTSHIPS SHIPBUILDERS, L.L.C." wherever it appears in the respective contracts, delivery orders or job orders as cited on Exhibit A (see Page 3 of 3) to this modification. This instant modification displays the modification number as assigned to individual contracts and basic agreements as cited on Exhibit A.

6. Except as provided herein, all terms and conditions of the documents identified in EXHIBIT A remain unchanged and in full force and effect.

EXHIBIT A

| Contract Number | Program/Description | Type | Issuing Agency | PCO | DFAS Paying Office | Pay DODAAC | Contract Mod |
|---|---|---|---|---|---|---|---|
| N00024-09-C-2212 | Egyptian 28m Coastal Patrol Craft | FFP | NAVSEA | John Kimener | Cleveland | N68732 | A00018 |
| N00024-09-C-2256 | Iraqi 35m Patrol Boats | FFP | NAVSEA | John Kimener | Cleveland | N68732 | A00071 |
| N00024-14-C-4217 | Iraqi Continuous Lifecycle Support | FFP | NAVSEA | Tim Starker | Cleveland | N68732 | P00005 |

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| 1. CONTRACT ID CODE | PAGE OF PAGES |
|---|---|
| J | 1 / 2 |

| 2. AMENDMENT/MODIFICATION NO | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| A00001 | 19-Dec-2014 | SEE SCHEDULE | |

| 6. ISSUED BY | CODE | N69316 |
|---|---|---|
| SUPSHIP GULF COAST<br>ATTN: CODE 410<br>PO BOX 7003<br>PASCAGOULA MS 39568-7003 | | |

| 7. ADMINISTERED BY (If other than item 6) | CODE | N69316 |
|---|---|---|
| SUPSHIP GULF COAST<br>CODE 440<br>5100 RIVER ROAD<br>UAMTCOE, 2ND FLOOR<br>AVONDALE LA 700294 | | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | |
|---|---|---|
| SWIFTSHIPS SHIPBUILDERS, L.L.C.<br>1105 LEVEE RD<br>MORGAN CITY LA 70380-1001 | | |
| CODE   6C551 | FACILITY CODE | |

| | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|
| | |
| | 9B. DATED (SEE ITEM 11) |
| | |
| X | 10A. MOD. OF CONTRACT/ORDER NO.<br>N00024-14-C-4217 |
| X | 10B. DATED (SEE ITEM 13)<br>22-Sep-2014 |

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

| ☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer | ☐ is extended. | ☐ is not extended. |
|---|---|---|

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted;
or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE
RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN
REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter,
provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

## 12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|
| X | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT:  Contractor  ☐ is not.  ☒ is required to sign this document and return    1    copies to the issuing office.

## 14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Modification Control Number:   awelshcm152856
CHANGE OF COMPANY NAME (NOVATION)

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| Jordan Washburn - Contracts Manager | Curtis M. Welsh, Contracting Officer<br>TEL:              EMAIL: |
| 15B. CONTRACTOR/OFFEROR<br>*(Signature of person authorized to sign)* | 15C. DATE SIGNED<br>12/18/14 | 16B. UNITED STATES OF AMERICA<br>BY *(Signature of Contracting Officer)* | 16C. DATE SIGNED<br>Dec. 19, 2014 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

**EXHIBIT**

tabbies

1

11, 2014 e-mail from Aimee Griffin to Shehraze Shah, Faisal Gill, Jeff LeLeux, Danny Knope and Jordan Washburn regarding  Contract Changes; December 31, 2014 e-mail from Maia Basas; and February 19, 2014 expense reimbursement documentation for travel to Swiftships Virginia office for training after promotion.

## INTERROGATORY NO. 6

Identify all admissions or declarations against interest made by SWIFTSHIPS concerning the subject matter of this action.

## ANSWER TO INTERROGATORY NO. 6

On November 24, 2014, the Plaintiff and Danny Knope, who replaced the Plaintiff as Contracts Administrator, met in Knope's office.  When the Plaintiff asked Knope why she had been demoted when she had done everything she could as manager and had never received any kind of notice as to any concerns about her performance, Knope told her Shehraze Shah met with Knope a few weeks before to discuss the position switch.  Knope said that because the Plaintiff would have to take maternity leave, Shah was going to make Knope manager and put the Plaintiff under Knope.

After the Plaintiff's termination, Knope ran into the Plaintiff's mother, Tamera Thomas and stepfather Michael Thomas, and commented that he was sorry that the Plaintiff was terminated.  He said that the company terminated the Plaintiff because she was pregnant.

In addition, the Plaintiff was called into a meeting supposedly about contracts at which Aimee Griffin and Khurram Shah were present.  At the meeting, Khurram Shah asked Ms. Carter about a call she had received from Lidieth Mojica, a former employee who sued the company for sexual harassment in Virginia.  Ms. Carter responded to the

6



question professionally and stated she told Ms. Mojica that she herself had not been sexually harassed.   Then Khurram Shah implied that Ms. Mojica was a "whore" who deliberately slept with men at work and then sued companies for sexual harassment.

## INTERROGATORY NO. 7

Identify all other lawsuits to which you have ever been a party, and the other parties to those suits, and the reason(s) for the suits, the jurisdiction within which the suits were filed and, if settled or otherwise resolved, the terms of the settlement or judgment.

## ANSWER TO INTERROGATORY NO. 7

The only other lawsuit to which the Plaintiff has been a part is *Jordan Carter v. Cameron Carter* in the 16th Judicial District Court, Case No. 129641.   No judgment of divorce has been signed at this time.

## INTERROGATORY NO. 8

With respect to the damages you seek in your Complaint:

a.     describe in detail the types and amounts (where quantifiable) of all damages you are seeking;

b.     describe in detail the manner in which you calculated the damages in response to Interrogatory 8a;

c.     identify all persons who have information or knowledge with respect to the answers in this Interrogatory; and

d.     identify all documents that refer or relate to, or upon which you rely with regard to, the damages you are seeking.