UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JORDAN CARTER                                   CIVIL ACTION NO. 16-0370

VERSUS                                          MAGISTRATE JUDGE HANNA

SWIFTSHIPS, L.L.C.

**ORDER**

The Court having considered the Plaintiff, Jordan Carter's ("Carter") Motion for Reconsideration (Record Document 51);

**IT IS ORDERED** that the Motion is **DENIED**. The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se.* Shield Pack, LLC v. CDF Corp., 2010 WL 4719431, *1 (W.D. La. 2010). Nevertheless, motions requesting reconsideration of court orders have been construed as falling under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. Collins v. Brice Building Co., LLC, 2013 WL 121655, *2 (E.D. La. 2013) (and cases cited therein). Rules 59 and 60 apply only to final judgments. Id. at *2. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, then Rule 54(b) controls. Id. Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. Id. (citing Fed. R. Civ. P. 54(b)).[1] Because Judge Hicks' January 19, 2018 Order is not a final judgment, but rather an interlocutory order that disposes of fewer than all claims against the Defendant, Swiftships, L.L.C. ("Swiftships"), Rule 54(b) governs. Rule 54(b) motions are construed under the same standards that

---

[1] Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment.

govern Rule 59(e) motions to alter or amend a final judgment. Collins, 2013 WL 121655, at *2 (and cases cited therein); Hearne v. Kansas City Southern R. Co., 2015 WL 5708291, *2 (W.D. La. 2015); see also Leong v. Cellco P'ship, 2013 WL 4009320, at *3 (W.D. La. 2013).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)); Shield Pack, 2010 WL 4719431 at *1. To prevail on a Rule 59(e) motion, the moving party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). When a party contends there has been a clear error of law or manifest injustice, "courts caution 'that any litigant considering bringing a motion on that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.' " Arena v. Graybar Electric Company, Inc., 2010 WL 3944942, *1 (W.D. La. 2010), reversed on other grounds, 669 F.3d 214 (5th Cir. 2012) (quoting Atkins v. Marathon LeTourneau, Co., 130 F.R.D. 625, 627 (S.D. Miss. 1990) and Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977) "A party seeking reconsideration must show more than disagreement with the court's decision...." Sundaram v. Flagstar Bank FSB, 2012 WL 5336209, *2 (S.D. Tex. 2012) (citing Texaco Exploration & Prod., Inc. v. Smackco, Ltd., 1999 WL 539548, *1 (E.D. La. 1999)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Sundaram, 2012 WL 5336209 at *2 (quoting Atkins, 130 F.R.D. at 626). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have

been presented earlier in the proceedings. See Templet, 367 F.3d at 479; see also Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010).

In considering a Rule 59(e) motion, courts must attempt to strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render a just decision. See Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). In general, reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479 (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). Accordingly, the standards which apply to Rule 59(e) motions favor denial of such a motion. See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993).

Carter fails to satisfy this stringent standard. Accordingly, Carter's Motion to Reconsideration is **DENIED**. Judge Hicks' January 18, 2018 Order will remain in effect without reversal, modification, or clarification.

**THUS DONE AND SIGNED**, in Lafayette, Louisiana, this 5th day of March, 2018.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)